```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
HTI FINANCIAL SOLUTIONS LIMITED,      :
                    Plaintiff,        :
                                      :   24cv237 (DLC)
        -v-                           :
                                      :   OPINION AND
MANHATTAN SMI KG PROPERTIES FINANCE   :      ORDER
LIMITED, et al.,                      :
                    Defendants.       :
                                      :
------------------------------------- X
```

APPEARANCES:

For plaintiff:
Anthony Paul Coles
DLA Piper US LLP
1251 Avenue of the Americas, 27th Floor
New York, NY 10020

For defendants SMI USA Group LLC and SMI 520 Fifth Ave LLC:
Jeffrey R. Miller
David Lewittes
Doron A. Leiby
Miller, Leiby & Associates, P.C.
32 Broadway
New York, NY 10004

DENISE COTE, District Judge:

This action arises out of an investment by the plaintiff, HTI Financial Solutions Limited ("HTI"), in the development of a supertall tower in midtown Manhattan (the "Project") through a series of agreements with the defendants. Three defendants, Manhattan SMI KG Properties Finance Limited ("SMI Issuer"), 520 Fifth Owner LLC ("520 Fifth Owner"), and KG Fifth Ave Investment, LLC ("KG Fifth") have defaulted (together, the

"Defaulting Defendants"). Defendants SMI USA Group LLC ("SMI USA") and SMI 520 Fifth Ave LLC ("SMI 520") (together, the "Appearing Defendants") have answered and an Opinion of today enters judgment against them following a bench trial.

The Appearing Defendants assert that the Court lacks subject-matter jurisdiction over this action since HTI failed to carry its burden to establish that diversity jurisdiction exists. HTI, a foreign entity, has established that diversity jurisdiction exists as to the Appearing Defendants. The issue is whether the presence of the Defaulting Defendants in the action would destroy diversity jurisdiction. HTI has filed notices of voluntary dismissal as to defendants 520 Fifth Owner and KG Fifth. The plaintiff consents to the dismissal of defendant SMI Issuer if necessary to preserve diversity jurisdiction. The Appearing Defendants oppose the dismissal of the Defaulting Defendants.

For the following reasons, the plaintiff shall be permitted to voluntarily dismiss 520 Fifth Owner and KG Fifth from this litigation pursuant to Fed. R. Civ. P. 41(a)(1)(A). SMI Issuer is dismissed as a defendant pursuant to Fed. R. Civ. P. 41(a)(2).

**Background**

The following sets forth only those facts necessary to resolve the issue of diversity jurisdiction.  The facts are taken from the complaint and other materials that may be considered when evaluating subject-matter jurisdiction.  See Cortland St. Recovery Corp. v. Hellas Telecomms., 790 F.3d 411, 417 (2d Cir. 2015).

In 2017, HTI invested in the Project through a series of agreements with the defendants (the "2017 Agreements").  It purchased senior secured bonds (the "Bonds") in the principal amount of $245 million from SMI Issuer (the "2017 Bond Purchase Agreement").

Concurrently with the 2017 Bond Purchase Agreement, HTI executed a Pledge and Security Agreement (the "2017 Pledge") with SMI 520 and KG Fifth.  HTI also executed a Guaranty (the "2017 Guaranty") with SMI USA, 520 Fifth Owner, and KG Fifth (the "2017 Guarantors").

The defendants defaulted on the 2017 Agreements.  In December of 2020, HTI and three of the defendants, SMI Issuer and the two Appearing Defendants, entered into a series of agreements to restructure the Project (the "2020 Agreements").  520 Fifth Owner and KG Fifth were not parties to the 2020 Agreements.

On December 16, 2020, HTI and SMI Issuer entered into an Amended and Restated Bond Purchase Agreement (the "2020 Bond Purchase Agreement"), through which SMI Issuer agreed to re-issue the Bonds with a maturity date three years hence.  Also on December 16, HTI executed an Amended and Restated Guarantee (the "2020 Guarantee") with the two Appearing Defendants.  On the same day, HTI executed an Amended and Restated Pledge and Security Agreement (the "2020 Pledge") with SMI Issuer, the two Appearing Defendants, and two parties not named in this litigation (the "Pledgors").  As collateral for payment of the Bonds and performance of all covenants contained in the 2020 Restructuring, including the Guarantee, the Pledgors granted HTI a lien on and security interest in several entities.  Finally, on the same day, HTI, SMI Issuer, and the two Appearing Defendants, alongside two parties not named in this litigation, entered into a forbearance agreement (the "Forbearance Agreement").

On December 20, 2023, HTI sent SMI Issuer a Repayment Amount Notification Letter (the "Letter"), dated December 19.  The Letter stated that the Maturity Date under the 2020 Bond Purchase Agreement was December 15, 2023 and requested repayment.  SMI Issuer did not respond to the Letter, nor did

any other defendant.  None of the defendants have paid HTI under any of the 2020 Agreements.

This action was filed on January 11, 2024.  The basis for subject matter jurisdiction was alleged to be diversity of citizenship under 28 U.S.C. § 1332.  Four defendants, SMI USA, SMI 520, 520 Fifth Owner, and KG Fifth Ave, are limited liability companies (together, the "LLC Defendants").  The complaint in this action asserted that each of the LLC Defendants is a limited liability company incorporated under the laws of Delaware, and that defendants SMI USA, SMI 520, and 520 Fifth Owner have principal offices in New York.  The complaint also stated that the fifth and final defendant, SMI Issuer, is a British Virgin Islands ("BVI") corporation with its principal office in New York.

On March 6, the plaintiff filed a motion for a default judgment against all defendants.  An Order of March 21 instructed the plaintiff to file on ECF a letter explaining the basis for its belief that diversity of citizenship exists.  For any party that is a corporation, the plaintiff was instructed to state "both the place of incorporation and the principal place of business."  For each party that is a limited liability company, the plaintiff was instructed to state the "citizenship

5

of each of the entity's members, shareholders, partners, and/or trustees."

On March 22, counsel for the plaintiff filed a letter asserting that the LLC Defendants "are U.S. entities, originally incorporated in Delaware and with a principal place of business in New York." The letter stated that the "membership information for the Delaware LLCs is not publicly available and [HTI] does not have that information available to it." The letter further stated that

> [b]ased on our discussions with our client and its involvement in the 2020 restructuring, however, we note that all entities that [HTI] dealt with, as well as their representatives, were New York based entities and individuals, the project is a New York-based project, and we have no reason to believe that any of the defendant entities have members that are aliens.

The letter further stated that defendant SMI Issuer dissolved in 2021 and could not be sued under BVI law, and thus that its inclusion in this action does not defeat diversity jurisdiction.

The Appearing Defendants attended a conference held on March 22, 2024. Defendants SMI Issuer, 520 Fifth Owner, and KG Fifth Ave did not appear. On April 1, default was entered in favor of the plaintiff and against defendants SMI Issuer, 520 Fifth Owner, and KG Fifth Ave.

On April 25, the Appearing Defendants moved to dismiss the complaint and concurrently filed a statement pursuant to Fed. R.

6

Civ. P. 7.1.  The statement identified SMI USA as wholly owned by TDM US Investments Inc., a Delaware corporation with its principal place of business in New York.  It also identified SMI 520 as wholly owned by SMI USA.  On May 9, the plaintiff filed a motion for summary judgment.  That motion has been converted, with the consent of the parties, into filings in support of a bench trial.  The motion to dismiss was denied on August 28.

On September 18, the Appearing Defendants filed an Answer to the complaint.  The Answer asserted as an affirmative defense that the complaint must be dismissed for lack of subject matter jurisdiction.

The issue of jurisdiction was addressed at a conference held on September 19 and in submissions by HTI and the Appearing Defendants docketed since that date.  HTI has no further information regarding the citizenship of the Defaulting Defendants.  The Appearing Defendants at first explained that 520 Fifth Owner appeared to be a citizen of the United States, but later represented that the citizenship of 520 Fifth Owner could not be identified.  It is an LLC with three members: SMI 520, which is a citizen of Delaware; KG Fifth Ave Investment Holding LLC, which is of unknown citizenship; and BVS 520 Member LLC, which is also of unknown citizenship.

The plaintiff has filed a Notice of Voluntary Dismissal of defendants KG Fifth and 520 Fifth Owner, pursuant to Fed. R. Civ. P. 41(a)(1). The plaintiff consents to the dismissal of claims against SMI Issuer if necessary to preserve jurisdiction. The Appearing Defendants contend this entire action must be dismissed for want of jurisdiction.

## Discussion

Subject matter jurisdiction is an "unwaivable sine qua non for the exercise of federal judicial power." Windward Bora LLC v. Browne, 110 F.4th 120, 125 (2d Cir. 2024) (citation omitted). A court has an "independent obligation to determine whether federal jurisdiction exists" before it may proceed to the merits of an action. Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012).

The complaint asserts that federal jurisdiction over this action exists pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction for disputes between, inter alia, "citizens of a State and citizens of subjects of a foreign state." Id. § 1332(a)(2). Diversity is lacking where "on one side there are citizens and aliens and on the opposite side there are only aliens." F5 Capital Partners v. Pappas, 856 F.3d 61, 75 (2d Cir. 2017) (citation omitted). Plaintiff HTI, a Hong

Kong corporation, is an alien. Therefore, if any defendant is an alien, diversity jurisdiction is destroyed.

The citizenship of a limited liability company is determined by "the citizenship of each" of its members. Weiner v. AZA Equitable Life Ins. Co., 113 F.4th 201, 212 n.8 (2d Cir. 2024). For purposes of diversity jurisdiction, a corporation is a citizen of the state "in which it has its principal place of business and every state in which it has been incorporated." Washington Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 133 (2d Cir. 2020) (citing 28 U.S.C. § 1332(c)(1)).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction, and it must prove jurisdiction by a preponderance of evidence." Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) (citation omitted). "[E]ven when the citizenship of an LLC or LP is in question, a district court may not proceed to the merits without first determining whether it has subject-matter jurisdiction." Id. at 619. Nevertheless, a "failure to allege facts establishing jurisdiction need not prove fatal to a complaint." Wiener, 113 F.4th at 212 n.8 (2d Cir. 2024) (citation omitted). Where "facts necessary to the establishment of diversity jurisdiction are subsequently determined to have

obtained all along," the court may deem a complaint amended to assert those facts and "then treat diversity jurisdiction as having existed from the beginning."  Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315, 329 (2d Cir. 2001); see also Wiener, 113 F.4th at 212 n.8.  A court, however, "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence."  Platinum-Montaur, 943 F.3d at 618.

   Although the complaint did not adequately plead the basis for diversity jurisdiction as to the LLC defendants, the facts on the record, including the Rule 7.1 statement filed by the Appearing Defendants, are sufficient to establish that an action against the Appearing Defendants alone would not defeat jurisdiction.  Because SMI Issuer no longer has the capacity to be sued under the laws of the jurisdiction in which it was established, as explained below, its presence in this litigation does not defeat diversity jurisdiction; nevertheless, it must be dismissed from the action because it cannot be sued.  On the other hand, because the citizenship of defendants 520 Fifth Owner and KG Fifth Ave cannot be ascertained, their presence in the action does defeat the exercise of diversity jurisdiction.  As explained below, HTI's motion to voluntarily dismiss them is granted.

10

I.   520 Fifth Owner and KG Fifth Ave Investment LLC

In order to preserve jurisdiction, HTI seeks to voluntarily dismiss defendants 520 Fifth Owner LLC and KG Fifth Ave (the "Non-Diverse Defendants") pursuant to Fed. R. Civ. P. 41(a)(1). That Rule permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[1]  Rule 41(a)(1), however, does not permit the voluntary dismissal of a party that is indispensable under Fed. R. Civ. P. 19.  Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 n.4 (2d Cir. 1985).

A court has discretion to "drop a nondiverse party at any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)."  Call Center Techs., Inc. v. Grant Adventures Tour & Travel Pub. Corp., 635 F.3d 48, 51 (2d Cir. 2011) (citation omitted).  Rule 19 creates a two-step inquiry to determine whether a party is indispensable

---

[1] The Second Circuit once held that "Rule 41(a) provides for the voluntary dismissal of an 'action' not a 'claim'," and thus that any action to dismiss specific parties from a claim should be taken under Fed R. Civ. P. 21.  Harvey Aluminum, Inc. v. Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953).  This aspect of Harvey Aluminum, however, "has been criticized and is now against the weight of authority."  Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 n.4 (2d Cir. 1985) (citation omitted).  See, e.g., ICICI Bank Ltd. v. Doshi, No. 19-cv-11788(RA), 2021 WL 6052117, at *1 (S.D.N.Y. Dec. 21, 2021) (collecting cases).

to an action. To be indispensable, a party must first be found to be a "necessary" party under the test provided by Rule 19(a)(1).

The Non-Diverse Defendants are not necessary parties for the claims at issue here. HTI seeks recovery against the Appearing Defendants and SMI Issuer based on the agreements executed in 2020. These two defendants were not parties to those agreements. As a result, a judgment regarding the 2020 claims can accord complete relief without the Non-Diverse Defendants. Moreover, the absence of the Non-Diverse Defendants from this litigation will not impair the ability of the Appearing Defendants to protect their interests or subject them to a substantial risk of double or inconsistent obligations. As the Second Circuit has held, "one of several joint obligors is not typically an indispensable party to an action against the others." Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co., 312 F.3d 82, 87 (2d Cir. 2002).

The Appearing Defendants have not explained why a judgment against them in the absence of the Non-Diverse Defendants, who were only liable under the 2017 agreements, would subject them to inconsistent relief. Therefore, KG Fifth and 520 Fifth Owner may be dismissed pursuant to Fed. R. Civ. P. 41(a)(1).

## II. SMI Issuer

SMI Issuer was incorporated under BVI law but was dissolved in 2021. Federal courts look to the law of the state in which a corporation was organized in order to determine the effect that dissolution has on the corporation's capacity to be sued. Fed. R. Civ. P. 17(b). Under BVI law, a dissolved corporation lacks the capacity to be sued. Section 215 of the BVI Business Companies Act provides that where "a company has been struck off the Register," the company may not "defend any legal proceedings, make any claim or claim any right for, or in the name of, the company." BVI Business Companies Act, 2005. See Wilmington Trust Co. v. Hellas Telecomms., S.à.r.l., no. 12-cv-8686 (JPO), 2016 WL 7339112, at *5-7 (S.D.N.Y. Aug. 4, 2016) (dissolved BVI corporations no longer have the capacity to be sued pursuant to Fed. R. Civ. P. 17).

The presence of a "non-juridical entity that cannot be sued . . . does not destroy diversity jurisdiction." La Russo v. St. George's University School of Medicine, 747 F.3d 90, 97 (2d Cir. 2014). Nevertheless, the claims against SMI Issuer should be dismissed because it no longer has the legal capacity to be sued. Id. HTI has consented to the dismissal of SMI Issuer; therefore, so long as it is not an indispensable party, SMI

13

Issuer may be voluntarily dismissed from this action pursuant to Fed. R. Civ. P. 41(a)(2).

SMI Issuer is not a necessary party for the claims against the Appearing Defendants. A judgment of complete relief may be accorded among HTI and the Appearing Defendants, without the risk of the Appearing Defendants incurring multiple or inconsistent liabilities. Although SMI Issuer is the principal obligor on the Bonds, the Appearing Defendants are jointly and severally liable as Guarantors.

It is well established that New York law, which governs the agreements in this case, allows "the beneficiary of a guarantee to sue a guarantor or surety alone, apart from any action against the principal debtor." Union Switch & Signal, Inc. v. St. Paul Fire and Marine Ins. Co., 226 F.R.D. 485, 490-91 (S.D.N.Y. 2005) (citing Huber Lathing Corp. v. Aetna Cas. & Sur. Co., 517 N.Y.S.2d 758, 760 (2d Dep't 1987)). The 2020 Guarantee is consistent with this settled law. Section 3(g) provides that HTI may recover against the Guarantors "in any independent action or proceeding against the Guarantors, without any requirement that [HTI] first assert, prosecute, or exhaust any remedy or claim against the Issuer."

The Appearing Defendants have not explained why the absence of SMI Issuer would impair their ability to protect their

14

interests or subject them to a substantial risk of double or inconsistent obligations.  Therefore, SMI Issuer may be dismissed pursuant to Fed. R. Civ. P. 41(a)(2).

## Conclusion

Defendants Manhattan SMI KG Properties Finance Limited, 520 Fifth Owner LLC, and KG Fifth Ave Investment LLC are dismissed from this action.  The orders of default against them are vacated.


Dated:    New York, New York
          October 9, 2024

                                    _____
                                           DENISE COTE
                                    United States District Judge