UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
:
HTI FINANCIAL SOLUTIONS :
LIMITED, :
:
                *Plaintiff*, : 1:24-cv-00237 (DLC) (JLC)
:
     -against- :
:
MANHATTAN SMI KG PROPERTIES :
FINANCE LIMITED, SMI USA GROUP LLC :
f/k/a SHANGHAI MUNICIPAL :
INVESTMENT GROUP USA LLC, SMI 520 :
FIFTH AVE LLC, 520 FIFTH OWNER LLC :
and KG FIFTH AVE INVESTMENT LLC, :
:
                *Defendants*. :
:
---------------------------------------------------------- x

## [PROPOSED] FINAL JUDGMENT

WHEREAS, on January 11, 2024, plaintiff HTI Financial Solutions Limited ("HTIFS") filed a Complaint against defendants Manhattan SMI KG Properties Finance Limited ("SMI Issuer"), SMI USA Group LLC f/k/a Shanghai Municipal Investment Group USA LLC ("SMI USA"), SMI 520 Fifth Avenue LLC ("SMI 520"), 520 Fifth Owner LLC ("520 Fifth Owner") and KG Fifth Ave Investment LLC ("KG Fifth Ave"), alleging, *inter alia*, causes of action for breach of a December 2020 Amended Bond Issuance Agreement (Count I) and breach of a December 2020 Amended and Restated Pledge and Security Agreement and Guaranty (Count IV) (Dkt. No. 1);

WHEREAS, on March 21, 2024, the Court issued an Order (Dkt. No. 46) directing HTIFS to submit a letter explaining the basis for the Court's exercise of diversity jurisdiction and explaining HTIFS' calculation of the Total Repayment Amount stated in the December 20, 2023 Repayment Amount Notification Letter, as referenced in the Complaint;

WHEREAS, on March 22, 2024, HTIFS submitted a letter to the Court (Dkt. No. 47) addressing the issues regarding the Court's exercise of diversity jurisdiction and HTIFS' calculation of the Repayment Amount as directed in the Court's Order of March 21, 2024;

WHEREAS, on March 22, 2024, the Court issued an Order (Dkt. No. 48) directing HTIFS to submit to the Court a letter explaining its entitlement to default judgment against defendants SMI Issuer, 520 Fifth Owner and KG Fifth Ave (together, the "Defaulting Defendants"), and directing HTIFS to further address the legal basis for the Repayment Amount calculation as explained in HTIFS' letter of March 22, 2024;

WHEREAS, on March 29, 2024, HTIFS filed a submission detailing:

(i)   the Court's entitlement to enter default judgment against the Defaulting Defendants;

(ii)  the parties' agreement with respect to the payment owed on the Bonds at Maturity, as reflected in Section 8.1(b) of the Amended and Restated Bonds Purchase Agreement:

**Section 8.   PAYMENT ON THE BONDS**

**Section 8.1   Maturity**

> (a)(i) The principal sum of US $245,000,000.00 and (ii) *an amount equal to an internal rate of return on the Bonds set forth in Section 8.1(b),* for any period after the first twelve (12) months from the date hereof (the "**Repayment Amount**") shall be due and payable on the date that is thirty-six (36) months from the date of this Agreement, as may be extended for a period of twelve (12) months subject to annual review by the Required Holders (the "Maturity Date"). The Repayment Amount payable by the Company shall be as notified by the Purchaser to the Company five (5) Business Days prior to the Maturity Date in the form of notification letter attached in <u>Schedule C</u> (*Repayment Amount Notification Letter*).
>
> (b) *The internal rate of return on the Bonds set forth in Section 8.1(a)(ii)* for any period after the first twelve (12) months from the date hereof shall be (i) a maximum of 12.0% per annum after tax (based on a 365-day period) if no proceeds have been generated from any sale, transfer or assignment of the 520 Property during such period or (ii) a maximum of 6.0% per annum

2

> after tax (based on a 365-day period) if proceeds have been generated from any sale, transfer or assignment of the 520 Property during such period; and
>
> (iii) HTIFS' calculation of the outstanding Repayment Amount, including evidence that the parties' reference to an "internal rate of return" in the above-referenced Maturity provision reflected the parties' agreement that compound interest be applied to HTIFS' investment of $245,000,000 in the Bonds (*see* Letter (Dkt. No. 50); Declaration of Nick Shi, dated March 28, 2024 (Dkt. No. 51);

WHEREAS, on April 25, 2024, defendants SMI 520 and SMI USA (together, the "Defendants") filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 58);

WHEREAS, on May 9, 2024, HTIFS filed its opposition to the Defendants' motion to dismiss, together with a cross-motion for judgment on the pleadings or summary judgment pursuant to Fed. R. Civ. P. 12(c) and 56 (Dkt. No. 61);

WHEREAS, on May 16, 2024, Defendants filed a reply in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 63);

WHEREAS, on May 30, 2024, Defendants filed their opposition to HTIFS' cross-motion for judgment on the pleadings or summary judgment (Dkt. No. 64);

WHEREAS, on June 13, 2024, HTIFS filed its reply in support of cross-motion for judgment on the pleadings or summary judgment pursuant to Fed. R. Civ. P. 12(c) and 56 (Dkt. No. 65);

WHEREAS, on August 28, 2024, this Court issued an Order denying Defendants' motion to dismiss the complaint (Dkt. No. 68);

WHEREAS, on September 19, 2024, Defendants filed an answer to the complaint (Dkt. No. 71);

3

WHEREAS, on September 20, 2024, this Court issued an Order (Dkt. No. 72) requiring HTIFS to show cause as to why the action should not be dismissed for lack of diversity jurisdiction;

WHEREAS, on September 24, 2024, Defendants filed a supplemental submission (Dkt. No. 74) in support of their argument that the action should be dismissed for lack of diversity jurisdiction;

WHEREAS, also on September 24, 2024, HTIFS filed a supplemental submission (Dkt. No. 75) in further support of its motion for summary judgment, and an accompanying Declaration of Nick Shi, dated September 24, 2024 (Dkt. No. 77);

WHEREAS, on September 25, 2024, this Court issued an Order (Dkt. No. 78) requiring HTIFS to respond to Defendants' supplemental submission (Dkt. No. 74) by September 30, 2024;

WHEREAS, on September 30, 2024, HTIFS filed a submission in further support of its cross-motion for summary judgment (Dkt. No. 82);

WHEREAS, on October 1, 2024, Defendants requested, and the Court granted, permission for Defendants to submit a reply to HTIFS' September 30, 2024 submission (Dkt. No. 85);

WHEREAS, on October 7, 2024, Defendants filed a reply to HTIFS' September 30, 2024 submission (Dkt. No. 86);

WHEREAS, on October 9, 2024, this Court issued an Opinion and Order (Dkt. No. 87) dismissing the Defaulting Defendants from the action;

WHEREAS, on October 9, 2024, this Court issued an additional Opinion and Order (Dkt. No. 88) granting HTIFS judgment as against Defendants, holding SMI USA and SMI 520 each jointly and severally liable under the 2020 Guarantee and the 2020 Pledge and Security Agreement, and ordering judgment be entered against SMI USA and SMI 520 with respect to Claims One and Four of the Complaint;

IT IS HEREBY ORDERED that HTIFS recover from SMI USA and SMI 520, on a joint and several basis, the amount of $338,953,314, comprised of the outstanding principal amount of $245,000,000, plus interest of $93,953,314, calculated on a compound basis for the period of December 16, 2021 through October 24, 2024, as provided for in Section 8.1(b) of the Amended and Restated Bonds Purchase Agreement, ~~plus post-judgment interest at the amount of 9% per annum.~~

Dated: New York, New York
       October 25, 2024

_____
DENISE COTE
United States District Judge